# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**TERI L. MITCHELL**　　　　　　　　　　　　　　　　　**PLAINTIFF**

　　　　**v.**　　　　　**Civil No. 05-5191**

**U.S. POSTAL SERVICE**　　　　　　　　　　　　　　　**DEFENDANT**

## O R D E R

Now on this 2nd day of June, 2006, come on for consideration the following motions:

　　*　**Defendant's Motion To Set Aside Default** (document #10);

　　*　Plaintiff's **Motion To Establish Proper Authority** (document #12);

　　*　**Defendant's Motion To Dismiss** (document #18); and

　　*　plaintiff's **Motion To Amend/Join Other Parties** (document #20), and

and from said motions, and the responses thereto, the Court finds and orders as follows:

　　1.　Plaintiff commenced this case by filing a *pro se* Complaint For Employment Discrimination, alleging that she was subjected to discrimination in her employment by the U.S. Postal Service on the basis of a disability. Her Complaint names as defendant the U.S. Postal Service.

　　2.　Plaintiff attempted to serve the defendant by sending copies of the Complaint and Summons, via certified mail, to the U.S. Postal Service, the U.S. Attorney General, the Arkansas

Attorney General, and Preston McWhirter, Manager of Labor Relations for the U.S. Postal Service. When no answer was filed, plaintiff filed an Affidavit In Support Of Default, certifying that the defendant was served by certified mail on December 2, 2005. A clerk's Default was entered on February 22, 2006.

3. Defendant moved to set aside the Default, contending that the proper defendant in a suit against the U.S. Postal Service is the agency head in his official capacity, and that the plaintiff in such a suit is required to serve the U.S. Attorney for the appropriate district as well as other entities.

While plaintiff furnished copies of the Complaint and Summons to the U.S. Attorney, this was done by regular rather than by certified mail.

4. Plaintiff then filed her Motion To Establish Proper Authority. She contends that she did, in fact, name John E. Potter, Postmaster General, as the defendant in this case. She also states that she is not receiving copies of motions from the defense; that the defense is using "obscure loopholes" to delay the case; and that she is "confused as to the proper authority with which I am expected to respond, whose order to follow and which deadlines to honor."

She did not respond to Defendant's Motion To Set Aside Default, amend her Complaint to name the proper party, or attempt proper service on defendant.

5. Defendant then moved to dismiss, contending that it was both improperly named and improperly served.

6. It can be seen, from the foregoing, that this case has been plagued from the start with the type of problems frequently associated with *pro se* litigation. What appear to be "obscure loopholes" to plaintiff are somewhat technical, especially to one without legal education or training, but nevertheless they are necessary to orderly procedure.

In a discrimination suit against the Postal Service the only proper defendant is its head, John E. Potter, Postmaster General. **Morgan v. U.S. Postal Service**, **798 F.2d 1162 (8th Cir. 1986)**. Further, proper service of process is necessary for the Court to acquire jurisdiction over a defendant. **Dahl v. Kanawha Investment Holding Co.**, **161 F.R.D. 673, 681 (N.D. Iowa, 1995)**(actual notice is not sufficient; valid service of process is necessary for court to assert personal jurisdiction over a defendant).

7. When the foregoing principles are applied to Defendant's Motion To Set Aside Default, they require that it be granted, and the Court will so order.

As previously noted, in order for this Court to exercise jurisdiction over the defendant, plaintiff must serve the U.S. Attorney for the Western District of Arkansas pursuant to **F.R.C.P. 4(i)**. If service is made by mail, that rule requires it to be made by registered or certified mail. That was not done, and thus

service on the defendant was never perfected.

Until service is properly accomplished, there is no obligation on a proposed defendant to file an answer. Absent an obligation to answer, no default can have occurred. The Court, therefore, agrees that the Default should be set aside.

8. The Court notes that plaintiff concedes that she must name the Postmaster General, and moves to so amend her Complaint. That motion will be granted.

9. Although defendant requests that the case be dismissed because of the problems mentioned, the Court believes it appropriate under the circumstances to allow plaintiff ten (10) days from the date of this Order in which to amend her complaint and thirty (30) days from the date of this Order in which to try to achieve proper service. If plaintiff is unable to show the Court that it has proper jurisdiction of the matter and the defendant within the time frame mentioned, then the Court will order the case to be dismissed.

10. The Court now turns to plaintiff's complaints that she is not receiving copies of motions from the defense and that she is confused as to whose order to follow and which deadlines to honor. Without attempting to determine whether plaintiff has, in fact, failed to receive copies of motions from the defense, the Court will take this opportunity to remind the defendant that *pro se* litigants are not entitled to use the Court's electronic filing

system, and must be served conventionally with any document filed in the case, pursuant to **Rule III.B.4** of the **CM/ECF Administrative Policies And Procedures Manual For Civil Filings.**

There need be no confusion whatsoever about whose orders to follow and which deadlines to honor.  Only the Court can issue orders.  Deadlines are established by Court orders; the **Federal Rules of Civil Procedure**[1]; and the **Rules of the United States District Court for the Eastern and Western Districts of Arkansas**[2].  To the extent that plaintiff's motion seeks a ruling "establishing proper authority," the Court finds that it is moot, and should be denied for that reason.

**IT IS THEREFORE ORDERED** that **Defendant's Motion To Set Aside Default** (document #10) is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Establish Proper Authority** (document #12) is **denied** as moot.

**IT IS FURTHER ORDERED** that **Defendant's Motion To Dismiss** (document #18) is **denied,** subject to plaintiff amending her complaint within ten (10) days from the date of this Order and perfecting service upon defendant within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to

---

[1] Available in county law libraries.

[2] Available on the Court's website, www.arwd.uscourts.gov.

amend her complaint is granted, and she is permitted ten (10) days from the date of this Order in which to file such an amended complaint.

**IT IS SO ORDERED.**

                                           <u>/s/ Jimm Larry Hendren</u>
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**