## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**TERI L. MITCHELL**                                                                **PLAINTIFF**

        **v.**          **Civil No. 05-5191**

**JOHN E. POTTER, POSTMASTER,**
**GENERAL, U.S. POSTAL SERVICE**                                                    **DEFENDANT**

### O R D E R

Now on this 13th day of September, 2006, come on for consideration the following motions:

*    **Defendant's Motion To Dismiss** (document #24);

*    **Defendant's Amended Motion To Dismiss** (document #27); and

*    **Defendant's Motion To Stay Scheduling Order** (document #30),

and from said motions, and the response thereto, the Court finds and orders as follows:

1. Plaintiff alleges discrimination by defendant on the basis of disability, gender and race. She filed a *pro se* Complaint For Employment Discrimination on November 30, 2005.

Due to problems with both the pleading itself (which did not name John E. Potter, Postmaster General, as a defendant)and service thereof (which was not attempted as to Potter and was attempted by regular rather than certified or registered mail on the United States Attorney for the Western District of Arkansas), the Court allowed plaintiff to amend her Complaint to name John E.

Potter as the defendant, and allowed an additional thirty days for her to perfect service.

In the Court's view, the Order of June 2, 2006, made it clear to plaintiff that in order to properly bring suit against the U.S. Postal Service, she must not only name John E. Potter, Postmaster General of the United States, as the defendant; she must also accomplish valid service of process on the named defendant. Moreover, that Order made it clear that actual notice of the pendency of the action would not be sufficient in lieu of proper service of process.  *See* the Court's June 2, 2006, Order generally, and paragraph 6, specifically.

2. In his **Motion To Dismiss**, defendant contends that the Amended Complaint is insufficient, as it does not repeat the allegations of the initial Complaint and, therefore, fails to state a claim.

The Court does not agree. **Local Rule 5.5(e)** requires a party who amends her pleading to reproduce the entire pleading, but this rule does not apply to *pro se* litigants. In addition, **Haines v. Kerner**, **404 U.S. 519 (1972)** teaches that pleadings drafted by *pro se* litigants are to be held to "less stringent standards than formal pleadings drafted by lawyers." The amendment was made at the direction of the Court to resolve a technical fault in the original Complaint, and there is no indication that plaintiff intended to abandon any of the allegations of the original

-2-

Complaint.  To the contrary, it is clear that the nature of plaintiff's Complaint has not changed.  For these reasons, the Court will deny defendant's **Motion To Dismiss**.

3.   In his **Amended Motion To Dismiss**, defendant contends that he is entitled to dismissal because plaintiff has failed to properly serve him.  He states that "[t]he United States Attorney's Office can find no record of the Plaintiff attempting service upon the Postmaster General as so ordered by this Court."

Plaintiff responds by stating and/or arguing:

*   that defendant received "fair notice" of the suit;

*   that the U.S. Attorney "received a copy of the original filing";

*   that she "acted in good faith to obtain proper service on John E. Potter" by providing copies of her suit papers to the "USPS Little Rock and Southwest Area Offices";

*   that she was maintaining the proper "chain of command;"

*   that "had I sent the original filing to John E. Potter, somewhere, Washington, D.C. we would now be arguing over why I broke that chain of command and did not properly serve his regional representatives;" and, finally

*   that defendant's attorney "made it clear" that he was the "designated legal representative" of Potter and that "all future correspondence and communication" should be sent to him.

The Court is not persuaded by these statements and/or

-3-

arguments and it does not believe that the purported service of process to which they refer is sufficient under the Federal Rules of Civil Procedure.

Informal methods of presenting suit papers, although they may result in actual notice to a defendant, do not constitute service of process such that the Court thereby acquires jurisdiction over the person of the defendant. The Supreme Court has said that "[s]ervice of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." **Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988).**

**F.R.C.P. 4(i)** governs service of process upon the United States, its agencies, corporations, officers, or employees. It provides, in relevant part, that

> [s]ervice on an . . . officer . . . of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i) and by also sending a copy of the summons and complaint by registered or certified mail to the officer . . . .

Thus, as the Court stated in its June 2, 2006, Order, in order to perfect service on the United States Postal Service, plaintiff must serve Potter. He is the officer, i.e., the current Postmaster General. Plaintiff acknowledges that she has not done this but, instead, has only attempted to obtain service in the case by sending copies to subordinates of Potter.

Plaintiff's "chain of command" argument has no merit. The

-4-

procedural rule is straightforward and clearly provides that it is the officer who must be served - not his subordinates.  Thus, if plaintiff had taken the proper steps to serve Potter, any objection thereto based on a "broken chain of command" argument would have been summarily overruled by this Court.

In addition, contrary to plaintiff's assertions, the appearance by an Assistant United States Attorney to contest service in this proceeding does not signify that service has been obtained or accepted.  **F.R.C.P. 12(b)(4)** clearly permits one to assert the defense of "insufficiency of process" by motion and before filing a responsive pleading or otherwise entering one's appearance in the case.

For the foregoing reasons, the Court concludes that plaintiff has failed to obtain service of process upon the defendant - in spite of being given an extension of time to do so.  More than nine months have now elapsed since the filing of her suit and more than three months have elapsed since the entry of this Court's Order of June 2, 2006, which made it clear that service would have to be obtained on the Postmaster General if the suit were to be allowed to continue.  In the June 2, 2006, Order, the Court warned that "[i]f plaintiff is unable to show the Court that it has proper jurisdiction of the matter and the defendant within the time frame mentioned (i.e. by July 2, 2006), then the Court will order the case to be dismissed."  *See* Paragraph 9 of June 2, 2006,

Order.

Plaintiff has not achieved proper service on the Postmaster General and, thus, the Court has no jurisdiction over him. Accordingly, the Court must and does conclude that **Defendant's Amended Motion To Dismiss** should be granted.

4. Because plaintiff's **Amended Complaint** is being dismissed, the Court need not consider **Defendant's Motion To Stay Scheduling Order**, and that motion will be denied as moot.

**IT IS THEREFORE ORDERED** that **Defendant's Motion To Dismiss** (document #24) is **denied.**

**IT IS FURTHER ORDERED** that **Defendant's Amended Motion To Dismiss** (document #27) is **granted.**

**IT IS FURTHER ORDERED** that **Defendant's Motion To Stay Scheduling Order** (document #30) is **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**