**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**TERI L. MITCHELL**                                                                  **PLAINTIFF**

        **v.**         **Civil No. 05-5191**

**JOHN E. POTTER, POSTMASTER,**
**GENERAL, U.S. POSTAL SERVICE**                                                      **DEFENDANT**

**O R D E R**

Now on this 22nd day of September, 2006, comes on for consideration plaintiff's **Motion To Court To Reconsider Order To Dismiss** (document #34), and the Court, being well and sufficiently advised, finds and orders as follows:

1. In her motion, plaintiff asks the Court to reconsider its Order of September 13, 2006, whereby it granted **Defendant's Amended Motion To Dismiss** and ordered plaintiff's Complaint to be dismissed due to lack of jurisdiction over the person of the defendant.

Plaintiff asserts in the present motion that, contrary to the Court's conclusions expressed in its September 13, 2006, Order, she has "not simply refused to serve notice" on the named defendant. She reiterates her assertions about her efforts to get a proper mailing address for the defendant. She indicates that she has searched the United States Postal Service website without success to try to obtain an address, and complains that an Assistant U.S. Attorney "steadfastly refuses to provide an address" for the defendant.

2.  The Court is not aware of any legal requirement that an attorney supply the information necessary to obtain service of process upon his client and thus rejects plaintiff's complaint concerning the refusal of the Assistant U.S. Attorney to do so.

The Court also doubts that it would be all that difficult for an employee of the United States Postal Service to learn the mailing address of its chief executive officer but, given the existence of plaintiff's dispute with the postal service, cannot categorically state that such information is readily available to plaintiff.

Being skeptical of plaintiff's assertions that she was unable to learn the postmaster's mailing address by visiting the U.S. Postal Service's website, the Court directed its Law Clerk to make a similar attempt.  The Law Clerk reported that, while there is significant information available at the website - and the postmaster's mailing address may well be somewhere thereon - she did not immediately locate the address on the website.  However, the Law Clerk further reported that she easily and quickly learned - by employing the search engine Google.com - that the defendant's mailing address is 475 L'Enfant Plaza, SW, Washington, D.C., 20260-1000.

The Court is not aware of the degree of expertise plaintiff may possess with respect to the use of the Internet and, thus, cannot categorically state that she should have known she could

quickly and easily locate the address in question by visiting any of the various "search engines" existing on the Internet. Moreover, the Court cannot say that it was unreasonable for plaintiff to seek the information on the U.S. Postal Service website - or that it was unreasonable for her to conclude that the information was not there.

Thus, keeping in mind the preference of the law for deciding controversies on their merits rather than on technicalities, **Bankers Trust Co. v. Mallis**, **435 U.S. 381, 387 (1978),** the Court believes it appropriate to reconsider its Order of September 13, 2006, dismissing plaintiff's claims and - having done so - will order that this case be reopened and will allow plaintiff an additional thirty (30) days in which to attempt to perfect service of process.

3.   In spite of the legal preference for disposition on the merits, the Court cautions plaintiff that service of process is, by its very nature, a highly technical matter, governed by **F.R.C.P. 4**, and that the Court has no jurisdiction over a party who is not properly served, **Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.**, **526 U.S. 344 (1999).**  There are several flaws in the steps taken by plaintiff to serve the defendant in this case, all of which have been pointed out in previous Orders.  The Court cannot correct those flaws, because it is not the attorney for plaintiff, but corrected they must be if the plaintiff is to

proceed with this matter.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Court To Reconsider Order To Dismiss** (document #34) is **granted,** and this matter is reopened.

**IT IS FURTHER ORDERED** that plaintiff has until October 23, 2006, to perfect service upon defendant, failing which this case will be dismissed.

**IT IS SO ORDERED.**

                                     /s/ Jimm Larry Hendren
                                  **JIMM LARRY HENDREN**
                                  **UNITED STATES DISTRICT JUDGE**