```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**TERI L. MITCHELL**                                                              PLAINTIFF

      v.              Civil No. 05-5191

**JOHN E. POTTER, POSTMASTER,
GENERAL, U.S. POSTAL SERVICE**                                                    DEFENDANT

### O R D E R

Now on this 18th day of January, 2007, come on for consideration the following motions:

*   **Defendant's Motion To Compel Discovery Pursuant To Interrogatories Propounded To Plaintiff** (document #44);

*   **Defendant's Motion To Compel Discovery Pertaining To Deposition Of January 11, 2007** (document #46);

*   **Defendant's Motion To Extend Time To Complete Discovery** (document #48);

*   **Defendant's Motion To Withdraw Motion To Compel Discovery Pertaining To Deposition Of January 11, 2007** (document #54); and

*   defendant's **Motion For Leave To File Reply To Response To Motion To Compel Discovery Pursuant To Interrogatories** (document #55),

and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.    In her *pro se* Complaint, plaintiff alleges that she was subjected to discrimination in her employment by the U.S. Postal

Service on the basis of a disability, sex, and race.  The gravamen of her allegations is that defendant refused to give her a light duty assignment following breast cancer surgery.  Plaintiff seeks $300,000 in damages, plus reinstatement of sick leave and annual leave from April 20, 2002, to May 23, 2002, as well as costs and attorney's fees.

    2.    The Court will grant Defendant's Motion To Withdraw Motion To Compel Discovery Pertaining To Deposition Of January 11, 2007 (document #54) and defendant's Motion For Leave To File Reply To Response To Motion To Compel Discovery Pursuant To Interrogatories (document #55).  The Reply attached to document #55 will be deemed filed as of the date of this Order, and need not be re-filed.

Left for disposition are the issues of whether plaintiff should be compelled to answer certain Interrogatories, and whether the time for discovery should be extended.

    3.    The discovery issues have been further narrowed by defendant's Reply.  It appears that the issue of whether plaintiff must provide the following information is still in dispute:

    *    Interrogatory 5 asks plaintiff to "[i]dentify any person with whom you have discussed the subject matter of this case, setting forth what was said and by whom."

    *    Interrogatories 4, 6, 7, 8, and 18 ask for details about who did what to whom, why it is said to be

discriminatory, and what documents prove it.

* Interrogatories 12, 13, and 14 ask plaintiff to explain and document her damages calculation, and to show how each element of that calculation is related to the conduct of the defendant.

* Interrogatories 19 and 20 ask for details of all medical, mental and/or emotional conditions plaintiff has been treated for after age 18, and all medications she has taken.  Defendant wants a list of her medical care providers and a medical release.

* Interrogatory 22 asks plaintiff what other conditions or circumstances -- other than anything that may have happened at work -- could have caused her mental anguish.

* Interrogatory 23 asks for plaintiff's employment history.

4.  Discovery is governed by **F.R.C.P. 26.**  Its scope is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

**F.R.C.P. 26(b)(1).**

5. The information sought in Interrogatories 4, 5, 6, 7, 8, 12, 13, 14, 18, 22 and 23 falls within the scope of **Rule 26(b)(1)**, and plaintiff will be directed to provide it.

Plaintiff has indicated that she will provide this information in the continuation of her deposition, which is scheduled to resume on January 23, 2007, while defendant takes the position that

> [a] witness during deposition may fail to completely answer a question since they are not given the questions prior to the deposition and have to answer the questions without time to fully consider their answer. On the other hand, a party has time to prepare an answer to an interrogatory and is more likely to answer the interrogatory completely and accurately.

The Court believes defendant's concern is not implicated here, because plaintiff has been given the questions prior to her deposition and will have time to fully consider their answers, and directs that these matters are to be explored in the deposition. Plaintiff is directed to fully respond to the areas of inquiry included in Interrogatories 4, 5, 6, 7, 8, 12, 13, 14, 18, 22 and 23 at that time. If, at the conclusion of the deposition, defendant reasonably believes that plaintiff has not been fully forthcoming with the information sought, he may move the Court for further relief.

Specifically with regard to Interrogatory 5, as to which plaintiff asserts that the answer is "limitless," in that she has talked about her case "to any and everyone who would stand still

including total strangers," the Court directs that she identify as many of those people as she can recall, omitting strangers (who would by definition be impossible to identify) and those to whom she made nothing more than a passing comment, but including those to whom she gave details about what she believed happened and why.

    6.  The information sought in Interrogatories 19 and 20 is of a different nature.  As to the medical records, there is no federal physician/patient privilege, **Miles v. Century 21 Real Estate LLC**, 2006 WL 2711534 (E.D. Ark. 2006), but the Court finds that the Interrogatories are overly broad.  The allegation is that plaintiff was refused accommodation following breast cancer surgery, and the Court believes that her medical and pharmaceutical records with regard to that physical condition and its treatment may well contain relevant information.  There is no showing as to why other medical records would be relevant, however, nor does the Court immediately perceive that they would be.  Plaintiff is thus directed to provide the information requested, to the extent it pertains to her breast cancer and treatment therefore, and to execute a Medical Release limited to those areas.

As for the records of mental health care providers, with the exception of mental health care providers who will be called to testify at trial, the Court finds them protected by the psychotherapist/patient privilege recognized in **Jaffee v. Redmond**,

-5-

**518 U.S. 1 (1996),** and the motion will be denied to that extent.

7. The motion to extend discovery appears to the Court to be primarily precautionary, in that defendant foresees the possibility that he may want or need additional discovery upon completion of plaintiff's deposition, or when plaintiff identifies any additional expert witnesses as required by January 30, 2007. The Court finds the motion premature, and declines at this time to extend discovery (other than to acquiesce in the conclusion of plaintiff's recessed deposition on January 23, which is four days after discovery closes). If defendant belatedly identifies a particular witness whose deposition is needed, a motion can be made to take a deposition of that witness after the conclusion of discovery.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Leave To File Reply To Response To Motion To Compel Discovery Pursuant To Interrogatories** (document #55) is **granted,** and the Reply attached to said motion will be deemed filed as of the date of this Order.

**IT IS FURTHER ORDERED** that **Defendant's Motion To Withdraw Motion To Compel Discovery Pertaining To Deposition Of January 11, 2007** (document #54) is **granted,** and that **Defendant's Motion To Compel Discovery Pertaining To Deposition Of January 11, 2007** (document #46) is hereby **withdrawn.**

**IT IS FURTHER ORDERED** that **Defendant's Motion To Compel Discovery Pursuant To Interrogatories Propounded To Plaintiff**

(document #44) is **granted in part and denied in part.**  The motion is **granted,** to the extent and with the specific limitations set forth in detail in the body of this Order.

**IT IS FURTHER ORDERED** that **Defendant's Motion To Extend Time To Complete Discovery** (document #48) is **denied.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**