```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**TERI L. MITCHELL**                                              PLAINTIFF

        v.            Civil No. 05-5191

**JOHN E. POTTER, POSTMASTER,**
**GENERAL, U.S. POSTAL SERVICE**                                  DEFENDANT

<u>O R D E R</u>

    Now on this 5th day of February, 2007, come on for consideration **Defendant's Motion To Strike Plaintiff's Second Request For Discovery** (document #57) and **Defendant's Motion In Limine Or In The Alternative, To Reconsider The Court's Order Of January 18, 2007** (document #58), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   In her *pro se* Complaint, plaintiff alleges that she was subjected to discrimination in her employment by the U.S. Postal Service on the basis of a disability, sex, and race. The gravamen of her allegations is that defendant refused to give her a light duty assignment following breast cancer surgery. Plaintiff seeks damages, reinstatement of sick leave and annual leave, costs and attorney's fees.

    2.   The initial Complaint in this matter was filed on November 30, 2005. A Scheduling Order entered on March 28, 2006, set the trial for the week of December 11, 2006, with discovery to be concluded by September 29, 2006. However, like many *pro se* cases, this one was plagued with procedural problems. Eventually

a second Scheduling Order was entered, which set the matter for trial the week of April 30, 2007, and established January 19, 2007, as the deadline for completion of discovery.

On January 16, 2007, Mitchell filed a document entitled "Plaintiff's Second Request for Discovery." Defendant moves to strike this request as untimely. He points out that pursuant to **F.R.C.P. 34(b)**, a party has thirty days to respond to a request for production of documents (which is the nature of the discovery requests in Mitchell's document), and that Mitchell had opposed his earlier request to extend discovery.

While the pleadings of *pro se* litigants are construed liberally in light of their lack of training in the law, **Haines v. Kerner, 404 U.S. 519 (1972),** their unrepresented status does not excuse them from following the rules of procedure, **ACKRA Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996).**

Mitchell's only argument is that she made the discovery requests before January 19, 2007, which was before the discovery deadline. However, submission of the discovery requests on the eve of the deadline does not allow the opposing party any response time, making it impossible for objections to be ironed out in a timely fashion. As the Scheduling Order cautioned, "[e]xcept in extraordinary circumstances, problems with discovery which are not brought to the Court's attention in time for the opponent to make a proper response and the Court to make an informed ruling prior

to JANUARY 19, 2007 will be deemed waived."  That caution has application here.  There do not appear to be any extraordinary circumstances, and, indeed, the information sought by Mitchell appears to be data, the existence of which she should have been aware of earlier than January 16, 2007.  Thus she will not be foreclosed by an arbitrary deadline from obtaining the information, but by her own delay in requesting it.  The Court concludes that Defendant's Motion To Strike Plaintiff's Second Request For Discovery should be granted.

    3.    Defendant also suggests that the Court revisit its earlier ruling that Mitchell need not provide information about mental health care she may have received from the age of 18 forward.  The Court is not convinced by defendant's cited authorities that it should alter its ruling, finding such ruling consistent with Supreme Court precedent in **Jaffee v. Redmond**, **518 U.S. 1 (1996),** and with the persuasive analysis of **Jaffee** -- in light of facts similar to those in the case at bar -- in **Vanderbilt v. Town of Chilmark**, **174 F.R.D. 225 (D. Mass. 1997).** Defendant's Motion In Limine Or In The Alternative, To Reconsider The Court's Order Of January 18, 2007, will, therefore, be denied.

    **IT IS THEREFORE ORDERED** that **Defendant's Motion To Strike Plaintiff's Second Request For Discovery** (document #57) is **granted.**

    **IT IS FURTHER ORDERED** that **Defendant's Motion In Limine Or In**

**The Alternative, To Reconsider The Court's Order Of January 18, 2007** (document #58) is **denied.**

**IT IS SO ORDERED.**

                                                             /s/ Jimm Larry Hendren
                                                            **JIMM LARRY HENDREN**
                                                            **UNITED STATES DISTRICT JUDGE**